UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEREDITH OPERATIONS CORPORATION, | Case No. 23-cv-01902-JGK |
| Plaintiff, | |
| v. | **DEFENDANT BETTER MORTGAGE CORPORATION'S ANSWER** |
| BETTER MORTGAGE CORPORATION, | |
| Defendant. | |

Defendant Better Mortgage Corporation ("Defendant"), by and through its undersigned attorneys and for its answer to Plaintiff Meredith Operations Corporation's Complaint, on information and belief, state as follows:

## NATURE OF ACTION

1. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 1, and therefore deny same.

## PARTIES

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 2, and therefore denies same.

3. Defendant admits the allegation in Paragraph 3.

## JURISDICTION AND VENUE

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 4.

5. The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 5.

6. The allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 6.

## **FACTUAL ALLEGATIONS**

7. The "insertion orders" referenced in Paragraph 7 speak for themselves and a response is not required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 7.

8. The "insertion order" referenced in Paragraph 8 and attached to the Complaint as Exhibit A speaks for itself and a response is not required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 8.

9. The "insertion order" referenced in Paragraph 9 and attached to the Complaint as Exhibit A speaks for itself and a response is not required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 9.

10. The "insertion order" referenced in Paragraph 10 and attached to the Complaint as Exhibit B speaks for itself and a response is not required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 10.

11. The "Q3/Q4 Insertion Order" referenced in Paragraph 11 and attached to the Complaint as Exhibit B speaks for itself and a response is not required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 11.

12. Defendant denies each and every allegation in Paragraph 12.

13. Defendant denies each and every allegation in Paragraph 13.

14. Defendant denies each and every allegation in Paragraph 14.

15. Defendant denies each and every allegation in Paragraph 15.

16. Defendant denies each and every allegation in Paragraph 16.

17. Defendant denies each and every allegation in Paragraph 17.

## FIRST CAUSE OF ACTION
Breach of Contract

18. With respect to Paragraph 18, Defendant repeats and realleges its answers to the allegations set forth in Paragraphs 1-17 as if same were fully set forth at Paragraph 18.

19. The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies each and every allegation in Paragraph 20.

21. Defendant denies each and every allegation in Paragraph 21.

22. Defendant denies each and every allegation in Paragraph 22.

23. Defendant denies each and every allegation in Paragraph 23.

24. Defendant denies each and every allegation in Paragraph 24.

25. The allegations in Paragraph 25 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 25.

## FIRST AFFIRMATIVE DEFENSE

26. The Complaint fails to state a claim upon which relief can be granted against the Defendant.

**SECOND AFFIRMATIVE DEFENSE**

27. Plaintiff failed to perform as required by the agreements between Plaintiff and Defendant

**THIRD AFFIRMATIVE DEFENSE**

28. Plaintiff failed to mitigate its damages.

**FOURTH AFFIRMATIVE DEFENSE**

29. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's damages, if any, were caused by Plaintiff's own acts and/or omissions.

**FIFTH AFFIRMATIVE DEFENSE**

30. Plaintiffs' claims are barred by release, waiver, unclean hands, laches, estoppel and/or res judicata.

WHEREFORE, Defendant Better Mortgage Corporation respectfully requests judgment against the Plaintiff Meredith Operations Corporation dismissing the Complaint in its entirety together with such other further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: April 17, 2023

**LIPPES MATHIAS LLP**

*s/ Richard M. Scherer, Jr.*
Richard M. Scherer, Jr., Esq.
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202
P: 716-853-5100
F: 716-853-5199
E: rscherer@lippes.com

*Attorneys for Defendant Better Mortgage Corporation*